# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re Petition of KARIM MAYFIELD for removal to United States District Court

Criminal Action

No. 08-0003

May 19, 2011

**MEMORANDUM**

Petitioner Karim Mayfield seeks to remove *criminal* proceedings initiated in the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania. He cites 28 U.S.C. § 1443(1) as authority for his removal petition. The statute reads:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

28 U.S.C. § 1443.

Mayfield alleges that there was a "collusional concert" between federal and state agents which denied him his constitutional rights when federal agents "handed off [his case] to state prosecution." (Docket No. 1 at ¶ 1.) He continues by alleging racial profiling, racial motivation, denial of counsel, coverups, corruption, destruction of evidence, and a plethora of other related claims. (*Id.* at ¶¶ 2–10.) It appears from his

petition that he has already been convicted in state court, and he has sought an appeal in the state courts. (*Id.* ¶ 8.)

The court denies Mayfield's petition to remove criminal proceedings because 28 U.S.C. § 1443(1) does not permit removal under these circumstances. Mayfield's complaints stem from the conduct of the individual state and federal officers as well as the conduct of the state court judge. Section 1443, however, does not permit removal for this type of alleged violation of constitutional rights. Removal is proper only when: (1) there is a legislative denial of equal civil rights; (2) the denial or inability to enforce rights results from the constitution or laws of the state; or (3) the denial is manifest in a formal expression of state law. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Virginia v. Rives*, 100 U.S. 313, 319–20 (1879). Moreover, the allegation that the defendant will be denied or cannot enforce a right must be predictable by reference to a law of general application. *Georgia v. Rachel*, 384 U.S. 780, 800 (1966).

Mayfield has not alleged any denial or inability to enforce rights resulting from a formal expression of generally applicable state law. Therefore, his petition must be denied.